IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 12-2591-JWL |
| UBS SECURITIES, LLC and MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC., | ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on the motion to dismiss by defendants UBS Seurities, LLC ("UBS") and Mortgage Asset Securitization Transactions, Inc. ("MAST") (Doc. # 21).  The Court concludes that certain of plaintiff's claims are time-barred; accordingly, the motion is **granted in part and denied in part**.  The motion is granted with respect to all claims against defendant MAST, which claims are hereby dismissed.  The motion is granted with respect to plaintiff's claims against defendant UBS based on 10 particular certificates, as set forth more specifically herein.  The motion is otherwise denied.

### I.      Background

Plaintiff National Credit Union Administration Board brings this suit as conservator and liquidating agent of two credit unions, U.S. Central Federal Credit Union ("U.S. Central") and Western Corporate Federal Credit Union ("WesCorp"). The suit relates to 22 different residential mortgage-backed securities ("RMBS" or "certificates"), each purchased by one of the credit unions between March 2006 and April 2007.  By the present suit, filed on September 6, 2012, plaintiff brings claims under the federal Securities Act of 1933 and under California and Kansas statutes, based on alleged untrue statements or omissions of material facts relating to each RMBS. Defendant UBS was the underwriter or seller for the certificates, while defendant MAST issued some of the certificates.  Defendants have moved to dismiss certain claims against them.

Plaintiff has brought eight other similar suits, involving different certificates, in this district, which cases have been re-assigned to the undersigned judge.  In one of those actions, Case No. 12-2648, by Memorandum and Order dated April 8, 2013, the Court granted in part and denied in part the motion to dismiss filed by the Credit Suisse defendants ("Credit Suisse").  *See National Credit Union Admin. Bd. v. Credit Suisse Sec. (USA) LLC*, __ F. Supp. 2d __, 2013 WL 1411769 (D. Kan. Apr. 8, 2013) ("*Credit Suisse*").  In that opinion, the Court held as follows: (1) Credit Suisse did not show that the Court lacked venue over plaintiff's claims asserted on behalf of credit unions WesCorp and Southwest; (2) plaintiff's claims were not untimely as a matter of law with

respect to the applicable one- and two-year discovery limitations periods; (3) the so-called Extender Statute, 12 U.S.C. § 1787(b)(14), which provides the limitations period for claims brought by plaintiff as conservator or liquidator, applies to federal and statutory claims; (4) the Extender Statute displaces both limitations periods in the otherwise-applicable federal (Section 13, 15 U.S.C. § 77m) and state statutes; (5) plaintiff's three-year limitations period under the Extender Statute was triggered by plaintiff's appointment as conservator for a credit union, not by its later appointment as liquidator; (6) the Extender Statute's three-year limitations period may not be extended by a tolling agreement; (7) plaintiff's assertion of *American Pipe* tolling with respect to its federal claims based on some certificates did not fail as a matter of law at this stage; and (8) plaintiff's substantive allegations were sufficient to state plausible and cognizable claims against Credit Suisse.  In some of its rulings, the Court followed the reasoning of Judge Rogers in ruling on a motion to dismiss in another of these nine similar cases (before the case was reassigned).  *See id.* (citing *National Credit Union Admin. Bd. v. RBS Sec., Inc.*, 900 F. Supp. 2d 1222 (D. Kan. 2012) ("*RBS*")).  Last week, in an interlocutory appeal in *RBS*, the Tenth Circuit affirmed Judge Rogers with respect to two of the issues listed above, holding that the Extender Statute does apply to federal and statutory claims and does displace Section 13's three-year limitations period.  *See National Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, __ F.3d __, 2013 WL 4516997 (10th Cir. Aug. 27, 2013).

After issuing its opinion in *Credit Suisse*, the Court invited the parties in seven

of the other similar cases (one case had not yet been filed) to submit briefs addressing

(a) the application of the Court's rulings in *Credit Suisse* to the motions to dismiss filed

by the defendants in those cases and (b) the specific issue of the enforceability of

plaintiff's tolling agreements.

## II.    Analysis

### A.    *Initial Application of* Credit Suisse

The Court notes that defendants, in their supplemental briefing in support of their

motion to dismiss, have not offered additional arguments relating to venue over claims

on behalf of WesCorp, the sufficiency of plaintiff's substantive allegations, the

application of the discovery limitations periods, the displacement of Section 13's

limitations periods by the Extender Statute, and the application of the Extender Statute

to federal or statutory claims.   Thus, defendants have not distinguished the Court's

*Credit Suisse* rulings concerning those issues, and the Court resolves the issues in

plaintiff's favor in this case as well, for the reasons stated in *Credit Suisse* and as held

by the Tenth Circuit in the appeal in *RBS*.

Nevertheless, defendants seek dismissal of some of plaintiff's claims on behalf

of U.S. Central and WesCorp as time-barred pursuant to the three-year limitations period

imposed by the Extender Statute.  Absent some form of tolling, plaintiff was required to

file suit to assert those claims by March 20, 2012, three years after its appointment as

conservator for those credit unions.  Plaintiff did not initiate this action, however, until

September 6, 2012. Nor may plaintiff rely on the Extender Statute's alternative reference to the applicable state-law limitations periods, as this case was filed more than five years (the applicable repose period for both states) after the purchases of these certificates.

Plaintiff has asserted tolling pursuant to an agreement executed by the parties, but the Court has, by an opinion issued in the *Credit Suisse* case on July 10, 2013, reaffirmed its ruling that plaintiff may not rely on such an agreement to avoid application of the Extender Statute's limitations period, and that ruling will also be applied in the present case. Thus, with respect to certificates for which plaintiff has not asserted some other form of tolling, plaintiff's federal and state claims on behalf of U.S. Central and WesCorp would be time-barred and subject to dismissal. Based on plaintiff's complaint and the parties' supplemental submissions, such claims include those based on the following certificates:

| Purchaser | Issuing Entity | CUSIP |
|---|---|---|
| U.S. Central | MASTR-ARMT 2006-OA2 | 55275NAP6 |
| U.S. Central | MASTR-ARMT 2007-1 | 576431AE0 |
| U.S. Central | MASTR-ARMT 2007-1 | 576431AB6 |
| U.S. Central | MASTR-ARMT 2007-HF1 | 57645RAA9 |
| U.S. Central | MASTR-ABST 2006-HE4 | 576449AC6 |
| U.S. Central | MASTR-ABST 2006-HE4 | 576449AD4 |
| U.S. Central | MASTR-ABST 2006-HE4 | 576449AE2 |
| U.S. Central | MASTR-ABST 2006-WMC4 | 57645MAE2 |
| WesCorp | CHL 2006-OA5 | 126694M88 |
| WesCorp | CHL 2006-OA5 | 126694N38 |

Plaintiff has not disputed that, assuming the Court reaffirms and applies its prior rulings,

5

those claims—which include all claims against defendant MAST—would be subject to dismissal. Accordingly, defendants' motion is granted with respect to those claims based on the listed certificates, which claims are hereby dismissed.

> ### B. *Claims for Which* American Pipe *Tolling Has Been Asserted*

Defendants also make several arguments for dismissal of claims on behalf of U.S. Central and WesCorp for which plaintiff has asserted *American Pipe* tolling. In particular, defendants argue (1) that *American Pipe* tolling should not apply to extend the limitations periods set forth in the Extender Statute; (2) that *American Pipe* tolling should not be permitted as asserted with respect to some certificates because the named plaintiffs in the particular cited class actions asserted standing with respect to these certificates only based on a common registration statement; and (3) that *American Pipe* tolling should not apply with respect to plaintiff's state-law claims. By Memorandum and Order issued this same day in *Bear Stearns*, one of the similar cases brought in this district, the Court has rejected these same arguments. *See* Memorandum and Order of Sept. 3, 2013, *NCUAB v. Bear Stearns & Co., Inc.* ("*Bear Stearns*"), Case No. 12-2781-JWL, slip. op. at 7-19. For the same reasons, the Court rejects these arguments as asserted by defendants in this case.[1]

---

[1] In its initial response to the motion to dismiss, plaintiff stated that it asserted *American Pipe* tolling only with respect to its federal claims. In its supplemental brief, however, plaintiff asserted that such tolling should also apply to its state-law claims against UBS. UBS argues that plaintiff should not be able to change its position at this time. The Court rejects that argument by UBS for the same reasons stated by the Court

(continued...)

Defendants also argue that plaintiff should not be permitted to rely on *American Pipe* tolling with respect to 11 of the remaining certificates because the plaintiffs in those particular class actions had already been determined to lack standing with respect to those certificates by March 20, 2012 (when the Extender Statute's three-year limitations period expired absent tolling). Plaintiff concedes that, for purposes of this motion, it does not assert tolling for periods of time after those standing determinations as argued by defendants. Thus, defendants argue that no tolling was occurring between March 20, 2012, and September 6, 2012 (the date this suit was filed), and that plaintiff's claims with respect to those 11 certificates are therefore untimely.

The Court rejects this argument. As the Supreme Court ruled in *American Pipe* itself, the commencement of the class action "suspends" the limitations period. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974); *accord State Farm Mutual Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1230 (10th Cir. 2008) (quoting *American Pipe*, 414 U.S. at 554). Defendants have provided no authority supporting the argument that *American Pipe* tolling does not suspend the statute of limitation but must instead be in effect after the expiration of the applicable limitations period. Indeed, defendants' interpretation would render *American Pipe* tolling essentially useless, as an putative class member might be required to file her own suit *before* the determination

---

[1](...continued)
in rejecting the same argument in its *Bear Stearns* opinion. *See Bear Stearns*, slip. op. at 14.

that she is not in fact a class member.[2]

Defendants change tack in their supplemental reply.  Instead of continuing to argue for their unique method of applying *American Pipe* tolling, defendants note that the *American Pipe* Court's reference to "suspension" was to suspension of "the applicable statute of limitations."  *See American Pipe*, 414 U.S. at 554.  Defendants argue that at the time these class actions were commenced, Section 13 provided the applicable statute of limitations governing plaintiff's claims, as the Extender Statute had not yet been triggered by plaintiff's appointment as conservator for these two credit unions.  Thus, defendants argue that the Extender Statute's limitations period should not be tolled in this case.

The Court rejects this argument as well.  As noted above, the Court has already ruled that the Extender Statute is subject to *American Pipe* tolling.  The Court sees no reason to limit that ruling to tolling that begins only after the Extender Statute has been triggered, as in either case, *American Pipe* tolling is intended to relieve plaintiff, as a putative class member, from having to file an individual lawsuit while its class membership remains possible.  Accordingly, the Court denies defendants' motion to dismiss certain claims on this basis.

---

[2]In an opinion subsequent to *American Pipe*, the Supreme Court discussed how this tolling is applied in the context of deciding between suspension of the applicable limitations period and renewal of the limitation period once tolling ceases. *See Chardon v. Fumero Soto*, 462 U.S. 650 (1983).  There was no mention of a possible third method of application as urged by defendants here.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 21) is **granted in part and denied in part**.  The motion is granted with respect to all claims against defendant MAST, which claims are hereby dismissed. The motion is granted with respect to plaintiff's claims against defendant UBS based on 10 particular certificates, as set forth more specifically herein.  The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 3rd day of September, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge