**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | Case No. 12-cv-2591 - JWL - JPO |
| Plaintiff, | |
| v. | |
| UBS SECURITIES, LLC and MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC., | |
| Defendants. | |

<u>**STIPULATED PROTECTIVE ORDER**</u>

**1.  PURPOSES AND LIMITATIONS**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action.  They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending these actions, and any appeals therefrom.  The parties jointly request entry of this Stipulated Protective Order (the "Order") to facilitate the production, exchange, and discovery of documents and information that the parties agree merit confidential treatment.  This Order shall govern the handling of Discovery Material produced in these Actions (as defined below).

The parties assert there is "good cause" for their request under Fed. R. Civ. P. 26.  The parties anticipate that various non-publicly available documents of a sensitive, confidential, proprietary or commercially valuable nature will be produced in this litigation, including federal agency records, loan files containing confidential borrower information, and other

1

governmental/corporate and financial documents not shared with the general public. Entry of this protective order will ensure the continued confidentiality of such non-publicly available information.[1]

## 2. DEFINITIONS

2.1     Actions: the actions listed in the above caption.

2.2     Party: any party to the Actions, including all of its officers, directors, and employees.

2.3     Non-Party: any entity that is not a named party to the Actions.

2.4     Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in these Actions.

2.5     Confidential Supervisory Material: records exempt from public disclosure as described in 12 C.F.R. § 792.11(a) and nonpublic NCUA meeting information as described in 12 C.F.R. § 791.12(a). Nothing in this Order shall require production of any Confidential

---

[1] The parties were mindful of the model standard form Protective Order recommended for us in this district, and recognize that this proposed Protective Order does not conform in all respects to the model standard form. The reason for the variance is that many of the same parties before the Court here are also parties to similar actions pending in the Central District of California and the Southern District of New York. *See NCUA v. RBS Sec. Inc.*, No. 11-cv-5887-GW-JEM (C.D. Cal.); *Goldman, Sachs & Co.*, No. 11-cv-6521-GHW-JEM (C.D. Cal.); *NCUA v. Barclays Capital, Inc.*, No. 13-cv-6727-DLC (S.D.N.Y.); *NCUA v. Credit Suisse Securities (USA) LLC*, No. 13-cv-6736-DLC (S.D.N.Y.); *NCUA v. Morgan Stanley & Co., Inc.*, No. 13-cv-6705-DLC (S.D.N.Y.); *NCUA v. RBS Securities, Inc.*, No. 13-6726-DLC (S.D.N.Y.); *NCUA v. UBS Securities, LLC*, No. 13-cv-6731-DLC (S.D.N.Y.); *NCUA v. Goldman, Sachs & Co.*, No. 13-cv-6721-DLC (S.D.N.Y.); and *NCUA v. Wachovia Capital Markets, LLC*, No. 13-cv-6719-DLC (S.D.N.Y.). For the sake of consistency, and because all of the parties agree that at least some degree of coordination is important across these similar actions, this Protective Order follows the form of protective orders agreed to by parties in the Central District of California cases and in the Southern District of New York cases. The parties reserve the right to move for a single protective order governing all or some of NCUA's RMBS actions across the three districts, following the Tenth Circuit's decision in *NCUA v. Barclays Capital, Inc.*, No. 12-2631 and the Judicial Panel of Multi-District Litigation's decision on Defendants' motion to transfer some of the similar actions pursuant to 28 U.S.C. 1407.

Supervisory Material to the extent that such production is precluded by law.

2.6    Confidential Material: any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal, client or customer information concerning individuals or other entities (including, but not limited to, name, Social Security numbers, home telephone numbers and addresses, tax returns, and medical, investment, credit and banking information).

2.7    Highly Confidential Material: any Producing Party may, subject to the provisions of this Order, designate any Discovery Material as "Highly Confidential" if the Producing Party reasonably and in good faith believes the Discovery Material contains (i) trade secrets or other information that the Producing Party reasonably believes would result in competitive, commercial or financial harm to the Producing Party or its personnel, clients or customers; or (ii) material that a Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Material.

2.8    Non-Party Borrower Information: for purposes of this Order, Non-Party Borrower Information shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, et seq. and its implementing regulations, including, but not limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.  As set forth in Section 18, this Order authorizes the disclosure of such Non-Party Borrower Information in the Actions.

2.9    Producing Party: any Party or Non-Party that produces Discovery Material in the Actions.

2.10   Receiving Party: any Party or Non-Party that receives Discovery Material from a

Producing Party.

2.11    Designating Party: any Party or Non-Party that designates Discovery Material it produces as "Confidential" or "Highly Confidential."

2.12    Protected Material: any Discovery Material that is designated as "Confidential" or "Highly Confidential"; provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

2.13    Outside Counsel: attorneys, along with their paralegals and other support personnel assisting with the Actions, who are not employees of a Party but who are retained to represent or advise a Party in the Actions.

2.14    In House Legal Personnel: attorneys and other personnel employed by a Party to perform legal functions who are directly involved in the prosecution or defense of the Actions for the Party.

2.15    Counsel (without qualifier): Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, and law clerks).

2.16    Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the Actions, along with his or her employees and support personnel, who has been retained by a Party, or its Counsel, to serve as a testifying or consulting expert in the Actions, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with the Actions.

2.17    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom; as well as all copies, excerpts,

summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material. However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with the Actions.

## 4. DURATION

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or until this Court orders otherwise.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     <u>Designating Bulk Material for Protection</u>: In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review, subject to the "clawback" procedures in this Order (Section 12) or otherwise agreed to. In doing so, the Designating Party may designate those collections of documents that by their nature contain Confidential or Highly Confidential Material with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. The materials that may be so designated shall be limited to documents consisting of or containing Non-Party Borrower Information, underwriting guidelines, loan origination files, loan servicing files, materials reflecting due diligence on loans at issue in the Actions, or such other categories as the Parties agree to in writing or the court orders. Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted. If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

5.2     <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order or as otherwise stipulated by the Parties, any Party may designate as "Confidential" or "Highly Confidential" any Discovery Material, or any portion thereof:

(a)     In the case of documents produced by a Party, designation shall be made

either by notation on the document, by notation in the filename and/or metadata, or by written notice to counsel for the Parties hereto if the aforementioned forms of designation are infeasible.

(b)     In the case of documents produced by a Non-Party, designation shall be made by a Party or the Producing Party by notifying all counsel in writing of those documents which are to be stamped or otherwise treated as such at any time up to thirty (30) calendar days after actual receipt of copies of those documents by counsel for the Receiving Party.  Prior to the expiration of that 30-day period (or until a designation is made, if such a designation is made in a shorter period of time), all such Discovery Material shall be treated as Confidential Material.

(c)     In the case of testimony, designation shall be made by notifying all counsel of those portions which are to be stamped or otherwise treated as such either by statement on the record of the deposition or in writing at any time up to thirty (30) calendar days after the transcript is made available to the Designating Party.  Prior to the expiration of that 30-day period (or until a designation is made, if such a designation is made in a shorter period of time), all such Discovery Material shall be treated as Highly Confidential Material.  Notwithstanding the preceding language in this paragraph, in the event that (i) a document produced and designated by a Non-Party as "Confidential" or "Highly Confidential" is used as an exhibit in a deposition and (ii) counsel for the Non-Party is not present at the deposition, the Parties agree that the exhibit remains designated "Confidential" or "Highly Confidential" and that any testimony concerning the exhibit shall be deemed to have been designated in writing as "Confidential" or "Highly Confidential", as is required in this paragraph.

(d)     In the case of reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, designation shall be made by the Party responsible for its creation by notation on the report.

5.3     Inadvertent Failures to Designate: If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was

designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party shall inform the Receiving Party in writing within a reasonable time after its discovery. The Receiving Party shall thereafter treat the information as Protected Material and in the manner required for the designated category of Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party shall make commercially reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. In addition, to the extent such information may have been disclosed by the Receiving Party to anyone not authorized to receive Protected Material pursuant to this Order, the Receiving Party shall make commercially reasonable efforts to retrieve the information promptly and to avoid any further such disclosure. The failure to advise the Receiving Party of such inadvertent disclosure within a reasonable time after discovery shall not constitute a waiver of any designation as Protected Material or an admission by the Producing Party that such information is not Protected Material.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Written Notice</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge, including the basis of the challenge, and identifying the challenged material by production number. The objecting Party and the Designating Party shall then meet and confer concerning the challenge within 10 days of receipt of the written notice.

6.2     <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.1, above, the party challenging the designation may seek relief from the Court. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event that the final ruling

is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen (15) calendar days of the ruling.

**7.  ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     A Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to, the Actions. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual repurchase demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of action and transactions at issue in the Actions. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following the termination of the Actions, each Receiving Party must comply with the provisions of Section 10, below.

7.2     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document repository with adequate security, shall be deemed a secure location.

7.3     <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a)     the Receiving Party, including current officers, directors, and employees to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Actions;

(b)     the Receiving Party's Counsel;

(c)     any other Parties to the Actions and their Counsel, including current officers, directors, and employees to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Actions;

(d)    former officers, directors, and employees of the Parties, U.S. Central Federal Credit Union and Western Corporate Federal Credit Union, to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Actions and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(e)    Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Actions and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material to their competitive advantage or for any purpose that does not relate to the Actions;

(f)    the Court and its personnel, subject to the requirements of Section 9, below;

(g)    special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(h)    court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Actions;

(i)    the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position;

(j)    deponents or persons who have been identified on the trial witness list of any Party in the Actions, and their Counsel, to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Actions and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(k)    any other person agreed to by the Designating Party in writing; and

(l)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

7.4     Disclosure of Highly Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)     any person permitted to receive Confidential Material identified in Section 7.3, except that Highly Confidential Material shall not be disclosed, summarized, described, characterized, or otherwise communicated to (i) any current or former director, officer, or employee of the Receiving Party other than the Receiving Party's Counsel, or (ii) any current or former director, officer, or employee of any other Party to the Actions other than Counsel for such other Party.  Notwithstanding the foregoing, Highly Confidential Material may be disclosed to (i) those NCUA employees in the Office of the Board, Office of the Executive Director, Office of Examination & Insurance and Asset Management and Assistance Center to whom disclosure is necessary for the prosecution of the Actions, and (ii) up to five subject matter experts at a federal government or regulatory agency to whom the General Counsel of NCUA or his designee reasonably and in good faith believes that disclosure is necessary for the prosecution of the Actions, and, with respect to (ii), have signed the "Agreement To Be Bound By Protective Order" (Exhibit A) prior to receipt of any Highly Confidential Material.  Plaintiff shall provide any such signed agreement to Defendant within five (5) business days of execution. For avoidance of doubt, the Parties understand and agree that Highly Confidential Material shall not be used for business advantage or competitive purposes.

(b)     deponents or persons who have been identified on the trial witness list of any Party in the Actions, and their Counsel, who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A)," to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Actions and;

(c)     any other person to whom the Designating Party agrees to disclose the

Highly Confidential Material in writing in advance of the disclosure or on the record at a deposition or Court proceeding in advance of the disclosure;

(d) any other person to whom the Court compels disclosure of the Highly Confidential Material or to whom disclosure of the Highly Confidential Material is required by law, subject to the requirements of Section 15 below.

7.5 <u>Retention of Exhibit A</u>: Outside Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of the Actions, including any appeals, and shall make them available to other Parties upon good cause shown.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as reasonably practicable, but in any event, not longer than two (2) business days after discovery by counsel of record of the disclosure, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order" (Exhibit A). The Parties agree that irreparable harm would occur in the event of unauthorized disclosure of Protected Material. Accordingly, the Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Protected Material.

## 9. FILING PROTECTED MATERIAL

In the event a party seeks to file any document containing Confidential or Highly Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding

measures are inadequate, filing under seal in accordance with D. Kan. Rule 5.4.6. In order to protect the privacy interests of non-party consumers, as recognized by Congress, authorization is hereby given to file under seal any document containing "nonpublic personal information," as that term is defined in the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809(4).

## 10. FINAL DISPOSITION

10.1    Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of the Actions, including any appeals, each Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party all Protected Material or, to the extent it is administratively more efficient, to destroy all Protected Material. In either case, the Receiving Party shall provide the Designating Party with a certification stating that it has taken commercially reasonable efforts to destroy or return the Protected Material, except for such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation. Information saved on backup media in an electronically stored format will be certified to have complied with the 60-day destruction period if the Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information. If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this Section within the 60-day period and that it must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this Section, then it must, in its certification, (i) state the law or other regulatory authority it believes requires it to retain those documents, and (ii) describe the documents it intends to retain pursuant to that law or regulatory authority.

10.2    Notwithstanding Section 10.1, as to those materials designated as Confidential or Highly Confidential that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in the Actions, or filed with a court, Counsel may retain such documents, even if such

12

materials contain Confidential or Highly Confidential Material, if such Counsel otherwise comply with this Order with respect to such retained material.

10.3    The provisions of this Order shall survive the termination of the Actions and a Party may seek leave to reopen the case to enforce the provisions of this Order.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Outside Counsel of record for each Designating Party or by an Order of the Court for good cause shown.

## 11. A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## 12. CLAW-BACK OF PRIVILEGED MATERIAL

12.1    In order to facilitate expeditious production of voluminous documents, a Producing Party may, at its sole option, but is not required to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies to some of the documents.  The materials that may be so produced shall be limited to Non-Party Borrower Information, underwriting guidelines, loan origination files, loan servicing files, materials reflecting due diligence on loans at issue in the Actions or such other categories as the Parties agree to in writing or the court orders.

12.2    The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection ("Privileged Material"), and no Producing Party shall have waived any claims or arguments under the inadvertent production doctrine. If a Producing Party believes that Privileged Material was inadvertently produced, the Producing Party may notify the Receiving Party of the claim and the basis for the material being privileged or protected. After receipt of such notice, the Receiving Party shall (i) take commercially reasonable steps to locate and

promptly return, sequester or destroy the original and any copies of the Privileged Material in its possession, custody or control; provided that the Receiving Party may choose to retain one copy of such Privileged Material for purposes of objecting to the designation of that material as privileged or protected; (ii) not use or disclose the Privileged Material until the claim is resolved; and (iii) take commercially reasonable steps to retrieve the Privileged Material if the Receiving Party disclosed it before receiving the notice of inadvertent production described in this Section. The Receiving Party also may notify the Producing Party within fourteen (14) calendar days after the receipt of the Producing Party's notification whether it objects to the designation of such material as Privileged Material. Within seven (7) calendar days after the receipt of such objection, the Receiving Party and the Producing Party shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the material as Privileged Material. If the parties cannot resolve their disagreement, the Receiving Party may promptly present the information to the Court under seal for a determination of the Producing Party's claim of privilege or protection. While any such application is pending, the material subject to that application will be treated as Privileged Material. If the Court determines that such material is privileged or protected, the Receiving Party shall immediately return or destroy the remaining copy of such inadvertently disclosed Privileged Material. If the Receiving Party does not apply to the Court for a ruling on the designation of the inadvertently disclosed material as Privileged Material within fourteen (14) calendar days after the receipt of the Producing Party's notification, the material in question shall be deemed Privileged Material, in which case the Receiving Party shall immediately return or destroy the remaining copy of such inadvertently disclosed Privileged Material. In the event of any challenge to the designation of the material as privileged or protected, the Producing Party shall have the burden of showing that the material at issue is privileged or protected. If a Party has produced documents in another action, investigation or other proceeding without detailed, or any, review to determine whether privilege or other immunity from discovery applies, no Party shall claim that production of those documents in such other action, investigation, or other proceeding constitutes a waiver of any privilege or protection with respect to the documents produced. Nothing in this Order shall be

construed as preventing any party from objecting to the designation of any Discovery Material as privileged or protected, or from preventing any party from seeking further protection for any material it produces in discovery.

12.3    If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) is subject to attorney-client privilege, work product doctrine, and / or any other applicable privilege or immunity from disclosure, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work product protected status.  If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work product protected document.  Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in Section 12.2.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential Material.  If any party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly meeting and conferring, and if necessary submitting the issue of the document's status to the Court.  If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given a reasonable opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by counsel for such Party, shall be within thirty (30) calendar days of said determination, and in the case of other non-Party witnesses shall be at the earliest practicable time for the witness and its counsel.

12.4    Except as otherwise provided herein, the provisions of Federal Rule of Evidence 502 shall apply.

**13. USE OF DESIGNATED MATERIAL AT TRIAL**

The undersigned agree to meet and confer concerning the use of any Protected Material at hearings or at the trial of the Actions not fewer than five (5) calendar days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than five (5) calendar days notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing or trial. The use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

**14. ATTORNEY RENDERING ADVICE**

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to the Actions or from relying upon or generally referring to Protected Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

**15. LEGAL PROCESS**

If, at any time, any Protected Material is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity, including any governmental agency or other self-regulatory organization, purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization, shall promptly give written notice to the Designating Party and include with such notice a copy of the subpoena or request. Where notice is permitted by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization, the person to whom the subpoena or request is directed shall not, absent a Court order to do so or as otherwise required by law, produce such Protected Material without providing the Designating party with a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Protected Information. For the avoidance of doubt, nothing herein shall require any Party to ignore or act in contempt of any court order or

direction of any governmental entity or other self-regulatory organization.

## 16. NON-PARTIES

Any Party, in conducting discovery from Non-Parties in connection with the Actions, shall provide any Non-Party from which it seeks discovery with a copy of this Order and the "Agreement To Be Bound By Protective Order" (Exhibit A). By signing the "Agreement To Be Bound By Protective Order", the Non-Party agrees to be bound by the terms of this Order. If a Non-Party provides discovery to any Party in connection with the Actions, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties.

## 17. AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.

## 18. DISCLOSURE OF NON-PARTY BORROWER INFORMATION

To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information (hereinafter, "Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Non-Party Borrower Information Law requires a Producing Party and/or Receiving Party to obtain a subpoena, court-ordered or otherwise, or to give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Producing Party and/or Receiving Party is exempted from obtaining a subpoena, having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in the Actions, and/or having to provide a certification that notice has been waived for good cause. To the extent that any Non-Party Borrower Information Law requires that any person or entity be

notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, Producing Parties and Receiving Parties are explicitly prohibited from providing such notice in the Actions; provided, however, that this Order shall not prohibit any Producing Party and / or Receiving Party from contacting any person or entity for any other purpose. Any Producing Party or Receiving Party may seek additional orders from this Court that such party believes may be necessary to comply with any Non-Party Borrower Information Law.

## 19. MISCELLANEOUS

19.1    <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.


**IT IS SO ORDERED.**

Dated: January 27, 2014


 s/ James P. O'Hara
JAMES P. O'HARA
UNITED STATES MAGISTRATE JUDGE

**WE SO MOVE and agree to abide by the terms of this Order**

**STUEVE SIEGEL HANSON LLP**

/s/ Rachel E. Schwartz
Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9760
Fax: (312) 641-9751
gzelcs@koreintillery.com

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel: (202) 327-7900
Fax: (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com

Stephen M. Tillery
Greg G. Gutzler
Michael E. Klenov
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
ggutzler@koreintillery.com
mklenov@koreintillery.com

*Attorneys for Plaintiff National Credit Union Administration Board*

**WE SO MOVE and agree to abide by the terms of this Order**

/s/ John W. Shaw
John W. Shaw (KS # 70091)
Thomas P. Schult (KS # 70463)
Jennifer B. Wieland (KS # 22444)
BERKOWITZ OLIVER WILLIAMS
  SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO  64108
Tel:  (816) 561-7007
Fax:  (816) 561-1888
jshaw@berkowitzoliver.com
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com

Jay B. Kasner
Scott D. Musoff
Gary J. Hacker
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
Tel:  (212) 735-3000
Fax:  (212) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com
gary.hacker@skadden.com

*Attorneys for Defendant UBS Securities, LLC*

# EXHIBIT A

**Agreement To Be Bound By Protective Order**

1.      I have reviewed the Protective Order in *NCUA v. UBS Securities, LLC*, No. 12-cv-2591 - JWL - JPO.

2.      I agree to be bound by the terms of the Protective Order.

3.      I understand that I am subject to sanctions for any violations of the Protective Order, including but not limited to, being held in contempt of court.


_____        _____
         Date                           Name