IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONAL CREDIT UNION<br>ADMINISTRATION BOARD,<br><br>        Plaintiff,<br>    v.<br><br>RBS SECURITIES, INC., et al.,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11-2340-JWL |
| NATIONAL CREDIT UNION<br>ADMINISTRATION BOARD,<br><br>        Plaintiff,<br>    v.<br><br>WACHOVIA CAPITAL MARKETS, LLC,<br>et al.,<br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11-2649-JWL |
| NATIONAL CREDIT UNION<br>ADMINISTRATION BOARD,<br><br>        Plaintiff,<br>    v.<br><br>UBS SECURITIES, LLC, et al.,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 12-2591-JWL |

|  |  |  |
|---|---|---|
| NATIONAL CREDIT UNION<br>ADMINISTRATION BOARD, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-2648-JWL |
| CREDIT SUISSE SECURITIES (USA) LLC,<br>et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| NATIONAL CREDIT UNION<br>ADMINISTRATION BOARD, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-2418-JWL |
| MORGAN STANLEY & CO.,<br>INCORPORATED, et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

These related actions come before the Court on various motions to dismiss certain

claims pursuant to Fed. R. Civ. P. 12(b)(6) filed by the following defendants or

defendant groups:  RBS (Case No. 11-2340, Doc. # 448); Nomura Home Equity Loan,

Inc. ("Nomura") (Case No. 11-2340, Doc. # 450, joinder in motion by RBS); NovaStar

Mortgage Funding Corp. ("NovaStar") (Case No. 11-2340, Doc. # 451, joinder in motion

by RBS); Wachovia (Case Nos. 11-2340, 11-2649, Doc. # 446); UBS Securities LLC

("UBS") (Case No. 12-2591, Doc. # 202); Credit Suisse (Case No. 12-2648, Doc. # 197);

and Morgan Stanley (Case No. 13-2418, Doc. # 144).  For the reasons set forth below,

the motions are **granted in part and denied in part**.  The motions are granted with

respect to plaintiff's claims under Section 11 of the Securities Act to the extent based on

statements in documents other than registration statements, and those claims are hereby

dismissed.  The motions are otherwise denied.

## I.     Background

Plaintiff National Credit Union Administration Board brings these suits as

conservator and liquidating agent of various credit unions.  The suits relate to a number

of offerings involving different residential mortgage-backed securities ("RMBS" or

"certificates") purchased by the credit unions.  Plaintiff asserts claims under federal and

state law against sellers, underwriters, and issuers for the certificates, based on alleged

untrue statements or omissions of material fact relating to each certificate.

On November 17, 2014, plaintiff filed a second amended complaint in Case No.

11-2340 and a first amended complaint in each of the other four cases.  In prior

complaints in these cases, plaintiff had alleged that defendants underwrote and sold

RMBS "pursuant to registration statements, prospectuses, and/or prospectus supplements

(collectively, the "Offering Documents").  In the amended complaints, plaintiff has

added "free writing prospectuses" to that list of "Offering Documents."  Moreover, in

Case Nos. 11-2340, 11-2649, and 12-2591, plaintiff has also added "term sheets" and

"other written materials" to that list.  In addition, in each case, plaintiff has added an

appendix containing specific examples of allegedly false and misleading statements contained in the Offering Documents.  Those appendices include statements indicating generally that third parties would represent or had represented that loans would comply with applicable laws.   The moving defendants now seek dismissal of plaintiff's claims based on statements in free writing prospectuses and plaintiff's claims based on statements of third-party representations regarding compliance with the law.

## II.      Governing Standard

The Court will dismiss a cause of action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic*, 550 U.S. at 555.  The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555.  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is

4

entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III.    Propriety of Challenge by Motion to Dismiss

As a preliminary matter, plaintiff notes that Rule 12(b) provides for the assertion of a defense to a "claim", and it argues that defendants should therefore not be permitted to challenge by motion under that rule whether plaintiff's claims may be based on particular statements. Plaintiff cites cases in which courts noted that such a motion may not be used to seek dismissal of a portion of a claim or of particular allegations only, *see, e.g.*, *McDaniel v. Vilsack*, 947 F. Supp. 2d 24, 26 n.1 (D.D.C. 2013), and it argues that defendants are improperly seeking dismissal of portions of its securities claims.

The Court rejects this argument. Defendants here seek dismissal of particular claims based on particular statements, each of which could support its own action, and which may be pleaded together or in the alternative in the same suit. Courts have rejected the argument made by plaintiff here in the context of claims based on particular documents, *see Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1081-82 (C.D. Cal. 2011), and in the context of breaches of different provisions of the same contract, *see Community Care HMO, Inc. v. MemberHealth, Inc.*, 2007 WL 14672, at *1 (N.D. Okla. Jan. 3, 2007), and plaintiff has not cited any authority suggesting that a defendant may not seek dismissal of securities claims (or even misrepresentation claims) based on particular statements under Rule 12(b)(6). This Court commonly entertains motions to dismiss

5

claims based on particular statements or breaches, and such a practice promotes efficiency, as there is no reason to allow litigation of a discrete claim to proceed if it is without a legal basis.[1]

Plaintiff also notes that it referred to free writing prospectuses in its original complaints, and it argues that the Court should not allow defendants to raise issues now that they could have raised in response to the prior complaints.  The Tenth Circuit has noted, however, that Rule 12 does not provide for waiver of the defense of failure to state a claim upon which relief may be granted, and that the same defense could be asserted in a motion for judgment on the pleadings under Rule 12(c) at any rate.  *See Albers v. Board of County Comm'rs of Jefferson County, Colo.*, 771 F.3d 697, 702, 704 (10th Cir. 2014).   Thus, defendants are entitled to assert these challenges in this fashion. Moreover, it is irrelevant that some of these defendants chose not to assert similar challenges in related cases pending in New York and California.

Finally, the Court declines plaintiff's invitation to defer ruling on these issues until the summary judgment stage or trial.  Plaintiff has not presented any good reason

---

[1]Plaintiff cites a tentative ruling by Judge Wu (before whom similar cases are pending) in which he noted that a court may "take the approach" not to address the legal sufficiency of certain sub-categories of allegations under Rule 12(b)(6) if such defects do not dispose of entire claims.  *See NCUAB v. RBS Sec., Inc.*, No. 11-5887, Tentative Ruling at 7 n.6 (C.D. Cal. Dec. 19, 2011).  In that instance, however, Judge Wu was addressing whether particular allegations were sufficiently factual.  *See id.*  In this case, defendants have challenged the legal validity of discrete claims based on particular statements, and the Court therefore exercises its discretion to address those challenges at this time.

for delay, even if the effect of this ruling on the scope of discovery would be minimal, as, again, there is no point in allowing claims to proceed if they lack a valid legal basis.

### IV.      Free Writing Prospectuses – Section 11 Claims

Section 11 of the Securities Act provides for liability if "any part of the registration statement" contains an untrue statement or omission of material fact.  *See* 15 U.S.C. § 77k(a).  Certain information is required in the registration statement, *see id.* § 77aa, and the registration statement includes a prospectus, *see* 17 C.F.R. § 230.404.  A "free writing prospectus" (FWP) is defined in the regulations as a written communication that constitutes an offer or solicitation used *after* the registration statement has been filed.  *See* 17 C.F.R. § 230.405.  The SEC has noted that FWPs "are not filed as part of or included in the registration statement," and thus "a free writing prospectus will not be part of a registration statement subject to liability under Securities Act Section 11, unless the issuer elects to file it as a part of the registration statement." *See* 70 Fed. Reg. 44722, 44751, 44759 (Aug. 5, 2005).

Defendants note that the FWPs cited in plaintiff's appendices were issued after and were not incorporated into the registration statements for those securities.  Thus, defendants seek dismissal of all claims under Section 11 based on statements contained in the cited FWPs.  Plaintiff states in its brief that it "does not intend to argue that free writing prospectuses not incorporated into registration statements are actionable under § 11."  Plaintiff does not dispute, however, that the cited FWPs were not made a part of

7

the registration statements. Thus, plaintiff has not opposed this part of defendants' motions.[2] The Court therefore dismisses any claims brought under Section 11 that are based on statements contained in FWPs cited in plaintiff's appendices.

### V.      Free Writing Prospectuses – Section 12(a)(2) Claims

Defendants also seek dismissal of plaintiff's claims under Section 12(a)(2) of the Securities Act based on statements in FWPs. First, defendants argue that plaintiff has not alleged explicitly that they offered or sold a security "by means of" any FWP. *See* 15 U.S.C. § 77*l*(a)(2) (providing for liability for offering or selling a security "by means of" a prospectus or oral communication that includes an untrue statement or omission of material fact). Plaintiff not only has invoked Section 12(a)(2) explicitly, however, in alleging that defendants sold the RMBS "by means of" prospectuses; but it also has alleged that defendants sold the RMBS at issue "pursuant to" FWPs (and other particular documents). The Court concludes that such allegations provide defendants with fair notice of plaintiff's claim under that statute and thus are sufficient under the applicable Rule 8. Defendants have not provided any authority requiring plaintiff to use the particular words of this statute in relation to each document on which plaintiff relies. For

---

[2]Plaintiff notes that exhibits to some registration statements include representations that certain FWPs would not contain untrue statements or omissions of material fact, which representations could form the basis for claims under Section 11. In that case, however, the Section 11 claim would properly be based on a statement in a registration statement. By its present ruling, the Court does not address any such claim.

the same reason, the Court rejects the argument that plaintiff has not sufficiently pleaded either a connection between the cited FWPs and the particular sales and purchasers at issue or sufficient facts to support a sale "by means of" the FWPs. Plaintiff's allegations are sufficient under the applicable notice-pleading standard.

In seeking dismissal, defendants also invoke the rule stated in 17 C.F.R. § 230.159A(b)(1), which provides that, for purposes of Section 12(a)(2), an offering participant other than the issuer shall not be considered to offer or sell securities "by means of" an FWP unless it (i) "used or referred to" the FWP in offering or selling the securities to the purchaser; (ii) offered or sold securities to the purchaser and participated in planning for the use of the FWP by other participants; or (iii) was required to file the FWP pursuant to a particular regulation. *See id.* Defendants argue that plaintiff failed to allege that any of those exceptions are satisfied in this case with respect to non-issuer defendants. Defendants have not shown, however, that plaintiff was required to allege in its complaints specific facts to establish compliance with exceptions set forth in a regulation. Again, plaintiff has invoked Section 12(a)(2) and has supported its claims with lengthy allegations that have already been deemed sufficient by this Court, and the Court concludes that plaintiff has based such claims on statements in FWPs in compliance with Rule 8's notice-pleading standards.[3]

---

[3]In its brief, plaintiff has provided evidence obtained in discovery to show that defendants did use FWPs in selling the RMBS. Defendants take issue with that evidence and note that it does not encompass all of the FWPs or all of the certificates. The Court
(continued...)

Finally, defendants seek dismissal of claims based on certain FWPs pursuant to 17 C.F.R. § 230.159(a), which provides that "any information conveyed to the purchaser only after such time of sale (including such contract of sale) will not be taken into account" for purposes of Section 12(a)(2). *See id.* Defendants note that in some cases the dates listed for the FWPs cited in the appendices to the amended complaints are later in time than the trade dates listed in the complaints for the applicable certificates, and defendants argue that those FWPs therefore cannot provide the bases for claims under Section 12(a)(2).

Plaintiff alleges that certificates were "purchased" on the "trade dates" listed in the complaints, which dates correlate with the dates of the "sales" (according to plaintiff's allegations concerning the timeliness of the claims). Plaintiff argues that the "time of sale" for purposes of applying Rule 159(a) does not necessarily mean the trade date but may also refer to the later settlement date. *See FHFA v. Nomura Holding Am., Inc.*, __ F.3d __, 2014 WL 7229446 (S.D.N.Y. Dec. 18, 2014) (Cote, J.). Defendants dispute that approach, but the Court need not decide that issue at this time. Plaintiff points out—and defendants do not dispute—that the dates listed for the FWPs in the appendices to the complaints do not necessarily coincide with the dates on which such information was conveyed to the purchasers (the measuring point for application of Rule

---

[3](...continued)
need not consider that evidence, however, as it has concluded that by alleging that defendants sold RMBS pursuant to FWPs, plaintiff has stated plausible claims based on FWPs under Rule 8.

159(a)).  Thus, the Court cannot determine at the pleading stage whether application of

Rule 159(a) precludes liability under Section 12(a)(2) based on any particular FWP cited

by plaintiff.

Defendants also argue that these claims based on FWPs should be dismissed

because plaintiff did not affirmatively allege that the information in the FWPs was

conveyed to the purchasers before the time of sale.  The Court again rejects such an

argument.  Plaintiff will eventually need to prove that the information in the FWPs was

conveyed to the purchasers prior to the time of sale.  Defendants have not shown,

however, that plaintiff was required, under Rule 8's notice-pleading standard, to plead

specific facts showing compliance with the regulation.  Plaintiff has alleged that

defendants sold certificates pursuant to these FWPs; thus plaintiff has plausibly alleged

that defendants used or participated in the use of the FWPs, and these claims are not

subject to dismissal at this time.

Accordingly, defendants' motions to dismiss are denied to the extent that they

seek dismissal of plaintiff's Section 12(a)(2) claims based on statements in FWPs.[4]

### VI.    Third Party Representations

In the appendix to the complaint in each case, plaintiff has included, among the

---

[4]Neither side argues that plaintiff's state-law claims should be subjected to a different analysis with respect to the cited FWPs.  Accordingly, defendants' motions are denied with respect to state-law claims based on statements in FWPs.

statements on which it bases its claims, statements by defendants to the effect that a third

party (the sponsor, seller, originator, or servicer) has represented or will represent in

agreements that the underlying loans have been made in compliance with applicable laws

and regulations.  Defendants seek dismissal of all claims based on such statements.

Defendants argue that such statements describing the representations by third parties

were true—whether or not those representations themselves concerning compliance with

the law proved untrue—and that plaintiff therefore has not alleged plausible claims based

on those statements.  Defendant RBS also seeks dismissal of plaintiff's claims based on

similar statements that third parties have represented or will represent that no fraud has

taken place with respect to the loans.

Plaintiff does not dispute that these statements by defendants were not false.

Nevertheless, plaintiff argues that such statements, despite being literally true, were

misleading, in that they, coupled with the alleged statements that underwriting guidelines

would be followed, gave purchasers the impression that there would in fact be

compliance with the applicable laws.

Plaintiff relies on a prior opinion by this Court in this litigation, *NCUAB v. Credit

Suisse Sec. (USA) LLC*, 939 F. Supp. 2d 1113 (D. Kan. 2013) (Lungstrum, J.).  In that

case, Credit Suisse sought dismissal of plaintiff's claims based on statements regarding

owner-occupancy rates, on the ground that Credit Suisse had disclosed that those rates

were based on information from borrowers that could include misrepresentations.  *See

id.* at 1131.  In rejecting that argument, the Court was persuaded by the opinion in *FHFA

12

*v. UBS Americas, Inc.*, 858 F. Supp. 2d 306 (S.D.N.Y. 2012) (Cote, J.), in which the

court had concluded that such an argument was incompatible with both the applicable

strict-liability standard and the Securities Act's provision of an affirmative defense of

due diligence. *See id.* at 1131-32 (citing *UBS*, 858 F. Supp. 2d at 329). Thus, this Court

held that the Securities Act allowed for a claim "based on a defendant's passing along

misstatements by third parties." *See id.* at 1132.

Plaintiff argues, based on *Credit Suisse*, that the Court has already authorized

claims based on third-party statements. In that opinion, however, the Court addressed

allegations that defendants had misstated the rates, and it ruled that defendants were not

shielded from liability for such misstatements simply because it disclosed that the

information had come from another source. *See id.* at 1131-32. In so ruling, the Court

quoted the statement by the *UBS* court that a defendant "cannot simply claim that she

blindly reported information given to her by third parties and thereby avoid liability for

inaccuracies that made their way into the offering materials." *See id.* at 1132 (quoting

*UBS*, 858 F. Supp. 2d at 330). In the present case, however, defendants are not alleged

simply to have repeated a third party's statement or to have made a representation that

derived from a third party; rather, defendants are alleged to have made a separate

statement describing the third party's representation. Thus, the Court does not agree

with plaintiff that in *Credit Suisse* it authorized a claim based on this particular type of

statement.

Nevertheless, the Court cannot say at this stage as a matter of law that these

statements by defendants could not be found to have been misleading. Such a conclusion would require a much more thorough analysis of the general and specific contexts of these statements than the parties have undertaken here. Moreover, plaintiff reasonably argues that defendants must have intended such statements—especially when considered together with defendants' statements about compliance with underwriting guidelines—to reassure purchasers about compliance with the applicable laws and regulations.[5]

Accordingly, the Court denies defendants' motions to dismiss plaintiff's claims based on statements by defendants that third parties have made or will make representations about compliance with applicable laws or the absence of fraud.

## VII.    Other Issues

Defendant RBS (Case No. 11-2340), in its motion to dismiss (which defendants NovaStar and Nomura joined), makes additional arguments not made in the other motions. First, RBS argues that plaintiff can assert plausible claims only with respect

---

[5]Defendants note that they also disclosed remedy provisions contained in the agreements involving third parties, and they argue that such disclosures suggest that they were acknowledging the possibility of breaches of the agreements' provisions, and therefore were not endorsing or adopting the third parties' representations. As described by defendants, however, those agreements did not include the ultimate purchasers as parties. Thus, aggrieved purchasers would not be able to avail themselves of those remedy provisions. *Cf. Western & Southern Life Ins. Co. v. Countrywide Fin. Corp.*, 2012 WL 10731957, at *6 (C.D. Cal. June 29, 2012) (cited by defendants) (if the plaintiff could base claims on defendants' statement that third parties will have made certain representations in agreements, then "serious violence is done to the contract by failing to respect the contractual remedies that each party has agreed to").

to documents and statements specifically identified in the complaint.  Thus, RBS

requests that the Court strike or refuse to give future effect to language in the complaint

indicating that cited statements are merely exemplary or that "other" unidentified

documents may contain false statements.  The Court denies this request for relief.

RBS does not dispute that plaintiff's pleading is governed by the notice-pleading

standards of Rule 8, and the Court concludes that plaintiff has satisfied that standard

here.  Plaintiff has asserted plausible claims that defendants sold securities pursuant to

documents containing false statements or omissions of material fact.  RBS has not

identified any authority requiring a plaintiff asserting securities claims to identify every

possible false statement in its complaint.[6]  RBS can easily respond to plaintiff's

complaint, which asserts claims relating to specific certificates, each of which in turn

involves a discrete number of applicable documents on which these securities claims

may be based.  RBS may easily obtain in discovery (and apparently has already sought

---

[6]RBS cites *Illinois National Insurance Co. v. Nordic PCL Construction, Inc.*, 870
F. Supp. 2d 1015 (D. Haw. 2012).  In that case, however, the plaintiff's negligent
misrepresentation claims (governed by Rule 8) were intertwined with, and appeared co-
extensive with, the plaintiff's fraud claims (governed by Rule 9(b)), and the court was
understandably reluctant to allow the plaintiff to pursue claims based on essentially
unidentified misrepresentations.  *See id.* at 1037-38.  In this case, the universe of
documents on which plaintiff may rely is limited, and plaintiff has identified many
statements on which its claims may be based.  The other cases cited by RBS are also
distinguishable, as in those cases the plaintiffs had attempted to "reserve the right" to
assert claims based on additional, unidentified transactions.  *See, e.g.*, *RTC v. Blasdell*,
154 F.R.D. 675, 690 (D. Ariz. 1993).  In this case, plaintiff has identified the particular
transactions (certificates), and plaintiff would certainly be required to seek leave to
amend to assert claims based on additional certificates.

15

to do so) the specific identity of every statement on which plaintiff relies for its claims. If in the future RBS believes that plaintiff is relying on a statement that was not identified in a timely fashion, RBS may raise such issue at that time.

For the same reason, the Court rejects RBS's arguments relating to plaintiff's identification in its appendix of false and misleading summary statistical information for the loans and statements in the mortgage loan schedules "such as" LTV, CLTV DTI, and owner-occupancy ratios. Again, plaintiff will be required to identify in discovery the particular statements alleged to be false or misleading on which plaintiff intends to rely. Plaintiff's claims are not implausible or fail under Rule 8 merely because the cited documents contain other statements not specifically referenced by plaintiff.

Finally, NovaStar argues that plaintiff's new allegations do not contain any facts that are specifically alleged to apply to it. The Court has previously held, however, that plaintiff has stated plausible claims for relief against NovaStar, *see RBS*, 900 F. Supp. 2d at 1260-61, and NovaStar will be able to obtain in discovery the identity of the specific statements on which plaintiff relies for its claims against it. If any of plaintiff's new allegations do not apply to NovaStar, then certainly plaintiff will be unable to use that information to support a claim against that defendant.

Accordingly, the Court denies any additional relief requested by defendants RBS, NovaStar, and Nomura.

IT IS THEREFORE ORDERED BY THE COURT THAT, in Case No. 11-2340,

the RBS defendants' motion to dismiss (Doc. # 448), joined by defendants Nomura (Doc. # 450) and NovaStar (Doc. # 451), is hereby **granted in part and denied in part**, as more fully set forth herein.

IT IS THEREFORE ORDERED BY THE COURT THAT, in Case Nos. 11-2340 and 11-2649, the Wachovia defendants' motion to dismiss (Doc. # 446) is hereby **granted in part and denied in part**, as more fully set forth herein.

IT IS THEREFORE ORDERED BY THE COURT THAT, in Case No. 12-2591, defendant UBS's motion to dismiss (Doc. # 202) is hereby **granted in part and denied in part**, as more fully set forth herein.

IT IS THEREFORE ORDERED BY THE COURT THAT, in Case No. 12-2648, the Credit Suisse defendants' motion to dismiss (Doc. # 197) is hereby **granted in part and denied in part**, as more fully set forth herein.

IT IS THEREFORE ORDERED BY THE COURT THAT, in Case No. 13-2418, the Morgan Stanley defendants' motion to dismiss (Doc. # 144) is hereby **granted in part and denied in part**, as more fully set forth herein.

IT IS SO ORDERED.

Dated this 25th day of February, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge